Glenn Maroe, et al., Plaintiffs-Appellees, v. Chemechanical, Incorporated, a Corporation, Defendant-Appellant.

Gen. No. M–51,224.

First District, First Division.

June 26, 1967.

Bernard M. Mamet, of Chicago (Bernard M. Mamet and Herbert L. Sachs, of counsel), for appellant.

William Bruce Richards, of Chicago, for appellees.

MR. JUSTICE ADESKO delivered the opinion of the court.

Glenn Maroe and George Zarris, plaintiffs, leased certain premises located in the Village of Riverdale, Illinois, to the defendant, Chemechanical, Inc. The lease was dated October 1, 1960, and was for a period of three years. Only the first seven months' rent was paid. On February 10, 1965, a judgment by confession was entered against defendant. In April 1965, the judgment was opened. A hearing was held November 1, 1965, at which the judgment was confirmed. A motion to vacate the judgment and find for the defendant was denied and defendant appeals.

Defendant's only argument is that the lease became null and void when the Village of Riverdale refused to issue to defendant a license to manufacture. This argument is based on the following provision in the lease:

> "FIFTH: This lease shall be null and void if the lessee is prevented from carrying on its normal business on the premises by cancellation of its sales and service permit or by any action by any village governing administrative or regulatory official or body or any court of law."

Plaintiffs argue that the question is one of fact as to whether defendant was prevented from carrying on its normal business. However, defendant "attempted to avoid its legal obligation under this lease by changing

its entire operation"; and therefore the above quoted provision of the lease does not apply to the instant situation.

No stenographic record was made at the hearing to confirm the judgment. Pursuant to Illinois Supreme Court Rule 36–1(3)(c) (present Supreme Court Rule 323(c)) counsel for each party submitted a report of proceedings to the trial judge, and both were signed and filed as accurate.

We have carefully reviewed the two reports of proceedings and the salient facts appear to be as follows:

The defendant investigated the possibility of moving into plaintiffs' building and agreed to rent the premises but no lease was signed. Application for a license to manufacture was made to the Village of Riverdale and was refused. On October 5, 1960, defendant's president wrote a letter to be used in petitioning the Riverdale Zoning Board in which he described the nature of Chemechanical's business as follows:

> "Our business is the sale, service and engineering of Polyurethane applications to industry and users of the new product. . . . Our business is to sell this material to local industry. . . . We also plan to handle two other lines; one manufactured in Chattanooga, Tennessee, the other manufactured in Philadelphia—both relative to the nature of the business outlined above."

The Clerk of the Village of Riverdale testified that upon inquiry to the Chemechanical, Inc., it was learned that the only major piece of equipment was a small electrical oven used for experimenting with new applications.

Pursuant to the letter from the defendant and the village's inquiry a "Sales and Service" permit was issued. After the issuance of the permit, the lease dated October 1, 1960, and containing the "null and void" provision was executed.

On May 15, 1961, defendant's president wrote to the President and Board of Trustees of the Village of Riverdale, applying for a new license to "manufacture" Polyurethane products. On May 17, 1961, the Village Clerk wrote a letter denying issuance of such license. Defendant moved from the premises informing the lessors that since it could not obtain a license, the lease was null and void.

██ ██ The provision of the lease must be construed in the light of the circumstances surrounding its execution. Pocius v. Halvorsen, 30 Ill2d 73, 195 NE2d 137 (1964). The record clearly shows that defendant's officers knew manufacturing was not permitted on the leased premises. The only permit obtainable was for sales and service. It was with this type of operation in mind that defendant had inserted into the lease the "null and void" provision, and only if such operation were prohibited would the lease become null and void. The subsequent refusal of the Village of Riverdale to issue a license to manufacture does not fall within the scope of "normal business" as used in the lease.

For the foregoing reasons the judgment of the Circuit Court of Cook County, First Municipal Division, is affirmed.

Judgment affirmed.

MURPHY, P. J. and BURMAN, J., concur.